Anthony **NATIVIDAD,** Plaintiff—Appellee,

v.

Joe **MCGRATH; R. Kirkland,** Associate Warden, PBSP Security Housing Unit; **C.D. Hernandez,** Second Level Appeals Coordinator; Members of the Medical Authorization Review Committee; Members of the Utilization Management Committee; **Dwight Winslow,** Defendants—Appellants.

No. 04–15543.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 10, 2005.

Submitted: May 3, 2005.

Decided: July 18, 2005.

Anthony Natividad, Crescent City, CA, pro se.

Maureen E. Laflin, Professor, Deborah L. McCormick, Esq., Alycia T. Feindel, Esq., University of Idaho, College of Law, Legal Aid Clinic, Moscow, ID, for Plaintiff–Appellee.

Jennifer G. Perkell, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellants.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM *

The district court properly denied Defendants–Appellants' motion to dismiss the complaint filed against them by Plaintiff–Appellee Anthony Natividad pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, 110 Stat. 1321–66 (1966), requires prisoners to exhaust "such administrative remedies as are available" before bringing a § 1983 action in federal court. 42 U.S.C. § 1997e(a). We recently clarified that a prisoner meets the PLRA exhaustion requirement "when he complete[s] all avenues of administrative review available to him," and that the "exhaustion requirement does not bar subsequent judicial consideration of an exhausted administrative appeal that was denied on state procedural grounds." *Ngo v. Woodford,* 403 F.3d 620, 631 (9th Cir.2005). As in *Ngo,* Natividad's administrative appeal was rejected as untimely, and no further avenues of administrative review remained available to him. Thus, Natividad exhausted his administrative remedies, and he may proceed with his claims in federal court. *See id.*

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.